## ROWLAND vs. LIEBY.

*Fourth District Court for San Francisco Co., Feb. T., 1858.*

FORECLOSURE—(JUDGMENT IN)—SALE—INJUNCTION.

In an action to foreclose a mortgage, it is irregular to take a judgment and decree of foreclosure, order of sale, &c., and also to enter a separate judgment at law for the amount due upon the note. If such separate judgment be entered, it will be set aside, and plaintiffs enjoined from proceeding under it.

Under our system of practice, if, after the sheriff has made the return, it appears the amount realized by the sale of the mortgaged premises is not sufficient to pay the whole debt, then upon an application to the court, the balance will be ascertained, and execution as in ordinary cases will issue for the amount found unpaid.

If there is any dispute as to the true amount remaining unpaid after the sale, if necessary a reference may be ordered to report the amount due before execution issues.

This action was brought to obtain an injunction restraining defendant *Scannell* from proceeding to sell certain property under execution, and to have the judgment upon which the execution issued, declared void. In the early part of 1851, plaintiff *Rowland* executed a mortgage to the defendant *Lieby*, which was by the latter in the latter part of the same year foreclosed. The decree in the action brought to obtain the foreclosure was taken by default, and "adjuged that there is due from defendant, (*Rowland*,) to plaintiff, (*Lieby*,) the sum of $445 33, and the mortgaged premises be sold, &c.," and directed the manner in which the proceeds should be appropriated to the payment of the costs, debt, &c. On the same day the clerk entered a judgment

by default against *Rowland* for the same sum, to wit, $445 33, with interest at the rate of five per cent. per month, and costs of suit, taxed at $125 65. The sheriff returned on his proceedings under the decree, that there remained deficient after applying the proceeds of the mortgaged premises as directed in the decree, the sum of $217 88. Defendants have issued execution, without making application to the court, upon the judgment referred to, which was entered cotemporaneously with the decree—for this sum of $217 88, as reported deficient, and interest. Under this execution defendant *Scannell* threatens to sell certain real estate now owned by plaintiff *Rowland*.

*John & M. D. Wilson* and *H. S. Love*, for plaintiff.

*G. F. & W. H. Sharp* and *J. D. Creigh*, for defendant.

*H. S. Love*, for plaintiff.

*First.* There is no legal and valid judgment upon which an execution can issue.

I. The statute provides that the party shall apply to the *court* for the relief demanded, and the clerk had no authority to enter judgment by default, for the amount of the debt.

II. Neither the clerk nor the court has any power to enter a money judgment on a mortgage, even when the action is brought directly on the mortgage to recover the amount of the mortgage debt, unless the mortgage contains a covenant to pay. *Shafer* v. *Bear and Auburn Water and Min. Co.*, 4 *Cal.* 294; *Culver* v. *Sisson*, 3 *Comst.* 264, and the numerous cases there cited.

*Second.* In an equity action to foreclose the equity of redemption of the mortgagor in the mortgaged premises, the only relief which the party can be entitled to have, is—*first*, that the equity of redemption be foreclosed, and *second*, a sale of the mortgaged premises, and in the case of a deficiency arising on said sale, that the master, (the sheriff in this state,) report to the court the amount of such deficiency and on the coming in and confirmation of such report, then that the plaintiff have an execution for the amount of such deficiency, against the property of the party who was primarily liable for the debt. The

sheriff acts as a ministerial officer ; the court determines the amount of the deficiency upon the report of its officer.   The determination of the amount of the deficiency so as to entitle a party to an execution is a judicial act, and can only be done by the decision of the court.   *Ord* v. *McKee*, 5 *Cal.* 515.   The courts in *New York* have repeatedly held that a party is not entitled to an execution until the report of sale by the master has been confirmed by the court, and the amount of the deficiency ascertained and examined.   *Bank of Rochester* v. *Emerson et ux.* 10 *Paige*, 350.   In this case there was no report of sale made by the sheriff, no confirmation, and the amount of deficiency in no way determined or ascertained by the court.   But upon the judgment entered by the clerk for the whole amount, execution has been issued to enforce the collection of so much of the judgment as by the sheriff's return under the decree, seems not to have been satisfied. We think the execution cannot be enforced.

*G. F. & W. H. Sharp*, for defendants.

(The points made by defendant's counsel were not passed upon by the court, nor did counsel make any argument upon the point considered by the court.)

HAGER, J.—The money judgment of Sept. 9, 1851, of *Lieby* v. *Rowland & Staples*, is irregular and must be set aside.   The judgment and decree of foreclosure of the same date, was all the relief the plaintiff in that action was entitled to.   The order of sale and the sale under the decree of foreclosure appears to be regular so far as I have observed.   After the sheriff made his sale and report, application should have been made to the court to have the balance ascertained for which execution might issue.   This execution has been issued irregularly, and must be set aside.   *Leiby*, however, will be entitled to make application to the court to ascertain the balance due after the payments and proceeds of sale are credited, and to have execution for the amount declared.   If it is necessary, a reference may be ordered, and all the questions in this action may be passed upon in settling the balance due on the decree and judgment.

Decree ordered accordingly.